# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PANCHO ALPHANSO HINES,**

      **Plaintiff,**

v.                                                   Case No:  6:17-cv-1502-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Pancho Alphanso Hines (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and supplemental security income. Doc. 1. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) determining that Claimant could perform medium work; 2) failing to properly weigh the opinions of Claimant's treating physician and a non-examining physician; and 3) failing to retain a Vocation Expert (VE) and, instead, relying exclusively upon the Medical-Vocational Guidelines (hereafter, the grids), in making his decision at step five of the sequential evaluation process. Doc. 24. Thus, Claimant argues that the matter should be reversed and remanded for further proceedings. *Id*. at 28. The Commissioner asserts that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed. *Id*. The Court finds that Claimant's third assignment of error is meritorious and, thus, finds that the Commissioner's final decision is due be **REVERSED** and **REMANDED** for further proceedings.

## I. Procedural History

This case stems from Claimant's applications for disability insurance benefits and supplemental security income, in which applications he alleged a disability onset date of January 1, 2010. R. 10; 194-201. Claimant's application was denied on initial review and on reconsideration. R. 10. The matter then proceeded before an ALJ. The ALJ held a hearing, at which Claimant and his representative appeared. R. 50-71. The ALJ entered a decision on July 1, 2016, and the Appeals Council denied review. R. 1-23. This appeal followed.

## II. The ALJ's Decision

The ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2015, and that Claimant has not engaged in any substantial gainful activity since January 1, 2010, the alleged onset date. R. 12.

The ALJ found that Claimant suffered from the following severe impairments: degenerative joint disease of the left ankle and both shoulders, degenerative disc disease of the lumbar and cervical spine, sleep apnea, hypertension, hyperlipidemia, obesity, and diabetes. R. 12. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 12-13.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform "less than the full range of medium work" as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c):[1]

> The claimant can occasionally lift and carry fifty pounds and frequently lift and carry twenty five pounds. The claimant can stand and/or walk about six hours in an eight hour workday. The claimant can sit for about six hours in an eight-hour workday. *The claimant can occasionally climb, balance, stoop, kneel, crouching, and crawling. The claimant must avoid concentrated exposure to vibrations and workplace hazards.*

---

[1] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404. 1567(c), 416.967(c).

R. 13-14 (emphasis added as to the non-exertional limitations). The ALJ found that Claimant was 56-years old on the alleged onset date in 2010 (resulting in an age category of "closely approaching retirement age" on the date of the decision in 2016), had no past relevant work, had at least a high school education, and had no transferable job skills. R. 22. The ALJ did not retain the services of a VE. Instead, the ALJ relied exclusively upon the grids and determined that Claimant was not disabled. *See* R. 22-23. Thus, the ALJ found that Claimant was not disabled from his alleged onset date, January 1, 2010, through the date of the decision, July 1, 2016. *See id*.

### III.    Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, considering evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.     **Analysis**

As to Claimant's first two assignments of error – concerning whether substantial evidence supports the ALJ's determination that Claimant could perform medium work and the whether the ALJ properly considered certain medical opinions – the Court finds no error. In regards to both, Claimant's approach is flawed in that he essentially seeks to have the Court reweigh the evidence and make a different determination than the ALJ. But the Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Here, the Court has considered Claimant's arguments, reviewed the record as a whole, and finds that substantial evidence supports the ALJ's decisions, regardless of the existence of the arguably contrary evidence identified by Claimant. Nonetheless, the Court finds that reversal of the ALJ's decision is necessary due to the issue identified in Claimant's third assignment of error – i.e., the ALJ's reliance upon the grids in making his step five determination. Thus, the case will be remanded and, on remand, the ALJ must reassess the entire record. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). In addition, because the issue concerning the ALJ's reliance on the grids is dispositive, there is no need to address further Claimant's arguments concerning his first two assignments of error. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

As his third assignment of error, Claimant asserts that the ALJ erred at step five of the sequential evaluation process. Specifically, Claimant argues that the ALJ erred by relying exclusively on the grids and failing to obtain the opinion of a VE when the ALJ had determined

that Claimant could perform less than the full range of medium work and included in the RFC several non-exertional limitations. Claimant cited to several published Eleventh Circuit decisions on the issue and, although many of those cases were older, they are still controlling, and a review of the relevant case law by the Court has revealed additional, controlling decisions of the Circuit on the issue raised by Claimant. In response, the Commissioner failed to cite any relevant or controlling case law in this Circuit (or any case law at all) and, instead, relied upon Social Security Ruling (SSR) 85-15, which provides a general discussion of the interaction between non-exertional limitations and the grids.[2] However, as has been said time and again by courts within this District, that "contention is unavailing because the Eleventh Circuit decisions of *Marbury v. Sullivan* and *Allen v. Sullivan* are binding on this court." *Blake v. Colvin*, No. 8:12-CV-2736-T-TGW, 2014 WL 109113, at *3-4 (M.D. Fla. Jan. 10, 2014) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a [VE].") and *Allen v. Sullivan,* 880 F.2d 1200 (11th Cir.1989) ("It is only when the claimant can clearly do *unlimited*

---

[2] The Commissioner may also be said to have raised – albeit in a perfunctory manner and without citing any supporting legal authority – an argument that the ALJ did not err because a finding that Claimant could perform medium work included an implicit finding that Claimant could perform a full range of sedentary and light work. But the Commissioner still failed to discuss the interplay between the additional non-exertional limitations and those more restrictive exertional limitations, and how that would affect any grids determination. Indeed, Claimant asserted that, based on other factors such as Claimant's age and work experience, Claimant would be deemed disabled under the grids if limited to sedentary or light work. The Commissioner did not dispute that contention, and the Court deems it admitted on that basis. For those reasons, the Commissioner's argument, even if properly raised, is without merit. *See also* Local Rule 3.01(b) (Each party opposing a motion . . . shall file within fourteen (14) days after service of the motion . . . a response that includes **a memorandum of legal authority** in opposition to the request . . . .") (emphasis added).

types of light work, . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.")).

At step five, the Commissioner bears the burden of establishing that Claimant can perform jobs available in the national economy, considering Claimant's RFC, age, education, and work experience. *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir.1999), *cert. denied,* 529 U.S. 1089, (2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making that determination, the ALJ may either apply the grids or consult with a VE. *Winschel,* 631 F.3d at 1180.

Exclusive reliance on the grids is inappropriate when the "claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). In those instances, an ALJ is required to consult a VE. *Id.* But reliance on the grids is proper where substantial evidence supports the ALJ's determination that the claimant's non-exertional impairments did not significantly limit his ability to perform specified types of work. *See Syrock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985); *see also Allen*, 880 F. 2d at 1202 ("Ordinarily, when non-exertional limitations are alleged, [VE] testimony is used."). This requirement is satisfied if the claimant's non-exertional impairments do not preclude "a wide range" of work at a given exertional level. *Phillips*, 357 F.3d at 1243. Particularly, "[w]hen analyzing non-exertional impairments, the ALJ must make an express finding that they do not significantly limit the claimant's basic work activities in order to use the [g]rids to find a claimant 'not disabled' without hearing relevant testimony from a VE." *Fernandez v. Acting Comm'r of Soc. Sec. Admin.*, No. 8:16-CV-1542-T-MCR, 2017 WL 3725678, at *2-5 (M.D. Fla. Aug. 30, 2017) (citing *Phillips*, 357 F.3d at 1243). "However, it is not enough for the ALJ to say that the claimant's nonexertional [impairments] are not significant. That finding must be supported by substantial

evidence." *Chabriel v. Comm'r of Soc. Sec.*, No. 6:13-cv-1711-Orl-28TBS, 2015 WL 269054, at *5 (M.D. Fla. Jan. 21, 2015).

Here, the ALJ found that "the additional limitations have little or no effect on the occupational base of unskilled medium work." R. 22. Then, relying upon 83-14 and 85-15, the ALJ found that the limitations in the RFC did "not significantly erode [Claimant's] occupational base." R. 22. Courts within this District have found a determination made in that manner to be both an error of law and to be a decision unsupported by substantial evidence, and have explained as follows:

> Here, the ALJ found that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled light work." (Tr. 20.) . . . .
>
> The explanation provided by the ALJ does not constitute substantial evidence that Plaintiff's non-exertional impairments allow him to perform a wide range of unskilled light work. As an initial matter, it is clear that an ALJ's general statement that a claimant's "additional limitations have little or no effect on the occupational base of unskilled light work," lacks sufficient clarity to allow a reviewing court to determine whether the proper legal analysis was conducted. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a [VE].") (citing *Allen*, 880 F.2d at 1202); *Owens II v. Comm'r of Soc. Sec.*, 508 Fed.Appx. 881, 884 (11th Cir. 2013) (reaffirming the principles set forth in *Marbury & Allen* and finding that the ALJ's statement that "additional limitations have little or no effect on the occupational base of unskilled medium work" lacked sufficient clarity to allow a reviewing court to determine whether the proper legal analysis was conducted); *DiFranco v. Colvin*, No. 8:12-cv-1978-T-TGW, 2013 WL 4494124, at *5 (M.D. Fla. Aug. 20, 2013) (noting that the ALJ's conclusory statement that " 'unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demand of unskilled work (SSR 85-15)' so that 'the additional limitations have little or no effect on the occupational base of unskilled sedentary work' " is the type of assertion that was flatly rejected in *Marbury & Allen*); *Fernandez v. Colvin*, No. 12-CV-20468-TURNOFF, 2015 WL 12552076, at *6 (S.D. Fla. Mar. 13, 2015) (finding the ALJ's conclusion that "the additional limitations have little or no effect of the occupational base of unskilled light work" and further explanation that the plaintiff's "physical and mental limitations would not significantly erode the number of unskilled light occupations in the national economy (SSRs 96-9p & 85-15)" to be insufficient).

> Here, the ALJ's statement that Plaintiff's "additional limitations have little or no effect of the occupational base of unskilled light work," fails to provide clarity as to whether Plaintiff can do unlimited types of light work. *See, e.g., Johnson v. Colvin*, No. 8:14-cv-41-T-27TBM, 2015 WL 1423127, at *3 (M.D. Fla. Mar. 27, 2015) (adopting Judge McCoun's Report and Recommendation as modified and remanding the case because the ALJ failed to provide clarity as to whether the plaintiff could perform a full range of light work); *Fernandez*, 2015 WL 12552076, at *6 (finding that the ALJ's general statement that "the additional limitations have little or no effect of the occupational base of unskilled light work," failed to provide clarity as to whether the plaintiff could perform unlimited types of light work).
>
> To the extent the Commissioner argues that the ALJ's further explanation of unskilled work constitutes substantial evidence supporting the decision, the undersigned disagrees. Although the ALJ referenced that "unskilled" work includes "simple duties," the ALJ failed to discuss Plaintiff's other non-exertional impairments, such as occasional climbing of ramps and stairs, bending, kneeling, crouching, and crawling; frequent balancing; never climbing ladders, ropes or scaffolds; and avoiding concentrated exposure to vibration and hazards, and their effect (alone and in combination) on Plaintiff's ability to perform a "wide range" of light unskilled jobs.

*Fernandez v. Acting Comm'r of Soc. Sec. Admin.*, No. 8:16-CV-1542-T-MCR, 2017 WL 3725678, at *2-5 (M.D. Fla. Aug. 30, 2017); *see also Johnson v. Colvin*, No. 8:14-CV-0041-T-27TBM, 2015 WL 1423127, at *2-3 (M.D. Fla. Mar. 27, 2015) (containing a similar discussion, but finding that the ALJ applied the incorrect legal standard "because the ALJ did not make a finding that [the claimant's] non-exertional limitations significantly limit his basic work skills"); *Blake*, 2014 WL 109113, at *3-4 (containing a similar discussion). The Court finds the foregoing reasoning in *Fernandez, Johnson*, and *Blake* persuasive and relies upon it here. Indeed, for the reasons articulated in those cases, the Court finds that the explanation provided by the ALJ does not constitute substantial evidence that Claimant's non-exertional impairments allow him to perform a wide range of medium work. *See Owens II*, 508 Fed. Appx. at 884 (reaffirming the principles set forth in *Marbury & Allen* and finding that the ALJ's statement that "additional limitations have little or no effect on the occupational base of unskilled medium work" lacked sufficient clarity to

allow a reviewing court to determine whether the proper legal analysis was conducted). Further, the ALJ applied the incorrect legal standard by making findings related to Claimant's "occupational base," but not addressing whether the non-exertional limitations significantly limit his basic work skills.

Finally, to the extent that the Commissioner asserts that SSR 85-15 (or SSR 83-14, which was also cited to by the ALJ but not argued by the Commissioner) directs a determination that the ALJ did not err, the Court finds that assertion is without merit due to decisions of the Eleventh Circuit, none of which the Commissioner even identified, let alone attempted to distinguish in some way. A court within this District thoroughly rejected a similar argument by the Commissioner as follows:

> The Commissioner contends that Social Security Rulings 83–14 and 85–15 indicate that the plaintiff's particular limitations do not erode significantly the grid's occupational base and therefore do not preclude the law judge from concluding that the plaintiff can perform the full range of light work (Doc. 24, pp. 8–9). *See* 1983 WL 31254 (S.S.A.); 1985 WL 56857 (S.S.A.). This contention is unavailing because the Eleventh Circuit decisions of *Marbury v. Sullivan* and *Allen v. Sullivan* are binding on this court. In contrast, Social Security Rulings do not have the force of law and are not binding on the courts. *Miller v. Commissioner of Social Security,* 246 Fed. Appx. 660, 662 (11 th Cir.2007). Furthermore, Social Security Ruling 85–15 acknowledges that the services of a vocational expert may be necessary when the effects of an individual's limitations are uncertain. *See* 1985 WL 56857 at *6.

*Blake*, 2014 WL 109113, at *4. For those same reasons, the Court finds that the Commissioner's contentions here that SSR 85-15 controls this matter to be unavailing.

Accordingly, the ALJ's decision at step five was not in accordance with the correct legal standard and was not supported by substantial evidence. Remand is therefore required for the ALJ to conduct a proper step five analysis.

V.  **Conclusion**

For the foregoing reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Chester G. Senf
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801